## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 50280 | **DATE** | 1/30/2012 |
| **CASE TITLE** | U.S.A. vs. Montrell McSwain | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court denies the § 2255 motion as to all claims, denies the request for an evidentiary hearing, and dismisses this cause in its entirety.

*Philip G. Reinhard*

■[ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT - OPINION

Montrell McSwain, a federal prisoner, filed a motion pursuant to 28 U.S.C. § 2255, raising the following claims based on the ineffective assistance of trial counsel: (1) the failure to challenge the authority of the United States Attorney's Office to prosecute him; (2) the failure to challenge his federal prosecution based on the charges having no interstate commerce nexus; (3) the failure to raise a claim that this court lacked personal and subject matter jurisdiction over his case; (4) the failure to challenge the composition of the grand jury; (5) the failure to argue that the magistrate judge had no authority to conduct the arraignment and accept his plea of not guilty; (6) the failure to investigate the court's authority to preside over a criminal prosecution under Title 18 of the United States Code (Code); (7) the failure to research and challenge the validity of Titles 18 and 44 of the Code; (8) the failure to object to the information filed pursuant to 21 U.S.C. § 851 because the prior conviction did not qualify for the double enhancement under § 841(b)(1)(A); (9) the failure to request an attorney-conducted voir dire; and (10) the failure to object to the admission of hearsay statements introduced via Agent Smith of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). McSwain further claims that his appellate counsel was ineffective for failing to challenge this court's drug quantity determination at sentencing. Finally, he contends that the second superseding indictment failed to set forth an offense under § 841.[1] The Government has responded. McSwain has filed a reply and has also requested an evidentiary hearing.

     To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that counsel's performance fell outside the wide range of professionally competent assistance and that there is a reasonable probability that but for counsel's unprofessional errors the result of the proceeding would have been different. Sussman, 636 F. 3d at 349 (citing Strickland v. Washington, 466 U.S. 668 (1984)). Because an ineffective assistance of counsel claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, the standard under Strickland must be applied with scrupulous care to prevent intrusive post-trial inquiry from threatening the integrity of the very adversary process the right to counsel is meant to serve. Sussman, 636 F. 3d at 349.

**STATEMENT - OPINION**

The court rejects the first claim as the United State's Attorney is clearly authorized to prosecute violations of the Code. See In re United States, 572 F. 3d 306, 312 n. 17 (7th Cir. 2009)(citing 28 U.S.C. § 547); see also United States v. Sakellarion, 649 F. 3d 634, 640 (7th Cir. 2011)(prosecutorial discretion arises out of Article II, sec. 3 of the United States Constitution). Thus, trial counsel was not ineffective for failing to raise this claim.

The next claim is also without merit as there is an interstate commerce nexus underlying the federal criminal regulation of controlled substances in Title 21 of the Code. See United States v. McKinney, 98 F. 3d 974, 979 (7th Cir. 1996). Likewise, section 924(c) has been held to be a valid exercise of Congressional power under the Commerce Clause. United States v. Arocho, 305 F. 3d 627, 641-42 (7th Cir. 2002)(abrogated on other grounds). Therefore, trial counsel was not ineffective for failing to raise such a challenge.

The next claims fails as the court has subject matter jurisdiction over all offenses against the United States and has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law. See United States v. Phillips, 326 Fed. Appx. 400 (7th Cir. 2009). Accordingly, the claim of ineffective assistance of trial counsel for not raising such frivolous arguments is denied.[2]

The next claim is that McSwain's trial counsel was ineffective for failing to challenge the composition of the grand jury. This claim lacks merit as McSwain points to no basis for such a challenge. Nor does he specify how he was prejudiced by trial counsel's failure to challenge the makeup of the grand jury. This claim is therefore denied.

McSwain next claims that his trial counsel was ineffective for failing to challenge the authority of the magistrate judge to accept his not guilty plea at his arraignment. This is a non-starter as a magistrate judge has the authority to conduct an arraignment, including the taking of an initial plea of not guilty. Jennings v. United States, 2003 WL 22937922, * 3 (N.D. Ill. Dec. 10, 2003); 28 U.S.C. § 636(b)(1)(A). This claim of ineffectiveness of trial counsel is therefore denied.

The next claim, that trial counsel was ineffective for failing to challenge this court's authority to conduct criminal proceedings under Title 18 of the Code is without merit. Thus, the claim is denied.

McSwain next contends that his trial counsel was ineffective for failing to research the validity of Title 21 and Title 44 of the Code. This claim is devoid of merit as McSwain does not identify any purported basis to challenge these statutory provisions and the court is aware of none. Trial counsel was not ineffective in failing to do so.

The next claim is that trial counsel was ineffective for failing to challenge the information filed under § 851. In that regard, McSwain contends that a defendant may have his sentence enhanced even if he had been previously convicted of merely any federal law. This argument is incorrect as an enhancement under § 841(b)(1)(A) is limited to a prior "felony drug offense" that has become final. In this case, the § 851 information set forth a prior felony drug offense attributable to McSwain. McSwain's trial counsel was therefore not ineffective for failing to raise the claim that he now asserts.[3]

The next claim is that trial counsel was ineffective for failing to request to participate in the voir dire. There is no basis for this claim as the well-established procedure in federal court is for the court to conduct the actual voir dire or, within its discretion, allow the attorneys to either do so or submit questions to supplement those asked by the court. See Fed. R. Crim. P. 24(a). Further, this court's well-known practice is to ask questions of the jury after allowing the attorneys for both sides to seek additional voir dire questions. See Trial Procedures - Criminal Case for Judge Philip Reinhard on Northern District of Illinois Website. Pursuant to this court's established practice, McSwain's trial counsel submitted additional questions in this case, and McSwain has not identified how trial counsel was deficient in that regard or in failing to seek permission to ask questions himself. Therefore, the ineffectiveness claim on this basis is denied.

McSwain further claims that trial counsel was ineffective for failing to object to the admission of hearsay statements introduced through an ATF agent. Because he has not identified the particular statements or how their admission prejudiced him, he cannot show that his trial counsel was ineffective. Therefore, this

**STATEMENT - OPINION**

claim is also denied.[4]

The next claim is that appellate counsel was ineffective for failing to challenge the court's determination of the drug quantities attributable to McSwain. This claim is without merit as appellate counsel in fact did raise the issue via his brief pursuant to Anders v. California, 386 U.S. 738 (1967). See United States v. McSwain, No. 07-3628, Brief in Support of Motion to Withdraw, 17-18. Further, the Court of Appeals found no merit to any issue related to the calculation of the drug quantities. United States v. Easter, 553 F. 3d 519, 524 (7th Cir. 2009). Therefore, appellate counsel was not ineffective for failing to raise the issue beyond the Anders context.[5]

That leaves the claim that the second superseding indictment was defective because it failed to state an offense. This claim fails as that indictment set forth the required elements of the offense charged under § 841. This final claim is denied.[6]

For the foregoing reasons, the court denies the § 2255 motion as to all claims, denies the request for an evidentiary hearing, and dismisses this cause in its entirety.

---

1. McSwain raised this claim in a document entitled "amendment by addendum for § 2255 motion," which he filed prior to the Government responding to his initial § 2255 motion and without leave of court. The Government has not objected and has answered this claim as well. The court will therefore consider it.

2. Most of the claims raised in this § 2255 motion also fairly can be characterized as frivolous. Nonetheless, to be thorough the court will address each one.

3. Nor for the same reason was appellate counsel ineffective for not raising this claim on direct appeal.

4. To the extent he raises this claim as one of ineffective assistance of appellate counsel, it also fails for the same reason.

5. To the extent McSwain is contending that appellate counsel was ineffective for seeking to withdraw as to this issue, such a claim fails as the Court of Appeals effectively held that there was no merit to such an issue.

6. To the extent this claim was not raised on direct appeal it would be waived for purposes of this proceeding. However, because the Government has not relied on waiver, it has waived any waiver. See Torzala v. United States, 545 F. 3d 517, 522 (7th Cir. 2008).